**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MARCELLUS JONES, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 19-397 |
| | ) | Magistrate Judge Maureen P. Kelly |
| v. | ) | |
| | ) | Re:  ECF No. 83 |
| ROBERT GILLMORE; ZAKEN; | ) | |
| DIALESANDRO; SOKOL; TRACEY | ) | |
| SHAWLEY; LEGGETT; CARO; WILLIAM | ) | |
| NICHOLSON; DENISE SMITH; JAMES | ) | |
| BRESHAHN; LORI RIDINGS; CHAMBERS; | ) | |
| PAMELA LNU; KELLIE GETTY; TATE; | ) | |
| JOHNSON; RAMIREZ; JON DOE; | ) | |
| ADAMSON; HECHECAVARA *in their* | ) | |
| *individual capacities*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM ORDER**

## I.    INTRODUCTION

Plaintiff Marcellus Jones, an inmate currently incarcerated at the State Correctional Institution at Forest ("SCI – Forest"), brings this *pro se* civil rights action pursuant to 42 U.S.C. 1983.  Plaintiff alleges that while incarcerated at the State Correctional Institution at Greene ("SCI – Greene"), he suffered the violation of his First and Eight Amendment rights. ECF No. 8.  As to the identified Department of Corrections employees ("DOC Defendants"), Plaintiff asserts Eighth Amendment claims arising out of an alleged sexual assault, deliberate indifference to a serious medical condition, and food tampering or deprivation.  Plaintiff also asserts claims against Defendants Ridings, Daniel and Bresnahan ("Medical Defendants") for conspiracy and the

violation of Plaintiff's First and Eighth Amendment rights related to alleged retaliation and the failure to provide necessary medical treatment. Id.

Pending before the Court is Plaintiff's "Declaration" that this Court has construed as both a Motion to Compel Discovery Responses and a Motion for Extension of Time.  ECF Nos. 83, 84. For the reasons that follow, the Court grants Plaintiff an extension to file his pretrial statement but declines to compel further responses to the discovery produced to date.

## II.    RELEVANT BACKGROUND FACTS AND PROCEDURAL HISTORY

On November 12, 2020, the Court entered a scheduling Order setting forth the time for discovery and the filing of motions for summary judgment, if any, and the parties' pretrial statements. ECF No. 73.  Plaintiff has since moved from his former facility to SCI-Forest and it is apparent that mail delays impeded the parties' completion of discovery.  ECF Nos. 76-82.

Plaintiff states that as of March 24, 2021 (the date he mailed the pending Declaration), he has not had access to the prison law library to permit him to comply with this Court's scheduling order.  Plaintiff also complains that he has not been granted possession of his legal property. Finally, he complains that the DOC Defendants provided "unjustified denials" to his discovery requests.  ECF No. 83 at 2.

The Court ordered Defendants to respond to the allegations set forth in the Declaration, and both the Medical Defendants and DOC Defendants have filed their responses.  ECF No. 84, 87, 91. The Medical Defendants state that they responded to Plaintiff's interrogatories and document requests on January 29, 2021, and Plaintiff does not appear to direct his complaints to those responses. ECF No. 87.  The DOC Defendants have filed their response, ECF No. 91 and, accordingly, the issues presented are now ripe for consideration.

## III.    STANDARD OF REVIEW

Federal Rule of Civil Procedure 26(b)(1) defines the permissible scope of discovery as follows:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

Rulings regarding the proper scope of discovery, and the extent to which discovery may be compelled, are matters consigned to the Court's discretion and judgment. It has long been held that decisions relating to the scope of discovery permitted under Rule 26 also rest in the sound discretion of the Court. Wisniewski v. Johns–Manville Corp., 812 F.2d 81, 90 (3d Cir. 1987). A party moving to compel discovery bears the initial burden of proving the relevance of the requested information. Morrison v. Phila. Hous. Auth., 203 F.R.D. 195, 196 (E.D. Pa. 2001). Once that initial burden is met, "the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery (1) does not come within the broad scope of relevance as defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." In re Urethane Antitrust Litig., 261 F.R.D. 570, 573 (D. Kan. 2009).

## IV.    DISCUSSION

### 1.  Legal Property and Library Time

Turning first to Plaintiff's allegations regarding prison library access and legal property, the DOC Defendants present the Affidavit of David Perry, Unit Manager at SCI-Forest. ECF No.

91-1.  Perry states that Plaintiff arrived at SCI-Forest on March 17, 2021 and was placed in a Behavioral Management Unit ("BMU"), with limited privileges for property.  Id.  Inmates in the BMU may request additional in-cell legal property. Plaintiff's initial request was granted on March 24, 2021. For reasons not explained to the Court, this approval was not communicated to him until April 1, 2021; however, Plaintiff has since had possession of all of his legal property.  Id.

Inmates in the BMU are granted access to the prison law library for two hours at a time, and requests are approved in the order in which they are received.  Id.  Plaintiff first requested library time on March 30, 2021, and he received access that day.  Plaintiff made a second request on March 30, 2021 and was accommodated on April 1, 2021.  Plaintiff has not since requested additional library time.  Id.

### 2.  Requests for Production of Documents

The DOC Defendants responded to Plaintiff's first set of discovery requests on March 23, 2021 and, due to mail irregularities, Plaintiff's second set of discovery requests dated March 12, 2021, were received on April 8, 2021.  ECF No. 91.  Defendants are currently preparing responses to the second set of requests.

Plaintiff broadly complains that Defendants presented unjustifiable denials to his first set of requests for production of documents.  ECF No. 83 at 2.  However, upon review and in the absence of any argument to the contrary, the Court finds that the DOC Defendants' objections are well founded and there is no basis to compel further responses.

Plaintiff requests copies of *all* complaints and grievances filed against each named DOC Defendant while he or she was employed at SCI-Greene, including Defendant Wood, who was dismissed from this action on August 4. 2020.  ECF No. 91-2 ¶¶ 5-11, 13; ECF No. 60.  Plaintiff does not limit these very broad requests to relevant time periods or subject matter, nor explain the

basis upon which the grievances and complaints are requested to limit production in proportion to the needs of this case. Accordingly, Defendants' objections as to breadth and relevance are appropriate and no further response to Requests 5-11 and 13 will be ordered.

Plaintiff requests a copy of any video from a date with no apparent connection to this litigation. Defendants object on relevance grounds and seek clarification as to the date of the requested video. ECF No. 91-3. Plaintiff also requests video from March 21, 2017; however, Defendants respond that no such video exists. Id. On the record, the Court finds no basis to compel an additional response to either request.

Plaintiff next requests copies of *all* policies related to locating and identifying ingested plastic objects, ordering CT scans, as well as *all* reports and emails regarding instances of inmates swallowing foreign objects, including objects greater than 6 inches long. Id. ¶¶ 2, 3, 15, 16. Defendants have identified responsive policies and provided Plaintiff the steps necessary to review the documents. See ECF No. 91-3 ("Without waiver, information pertaining to inmates that have swallowed a foreign object is addressed in part in DOC policy 13.1.1 Section 9. Plaintiff may appropriately schedule library time in order to view this policy, or he may request to view it from his Unit Manager."). Defendants also object to requests regarding incidents involving other inmates as overly broad and lacking apparent relevance, and in violation of the privacy rights of the unidentified inmates. On the existing record and without further explanation of relevance, the Court finds no basis to compel further discovery.

Finally, Plaintiff seeks to communicate with other inmates who may have witnessed any of the events at issue. Defendants respond that the request is insufficiently specific but, upon identification of specific dates, times and places, Defendants will attempt to identify witnesses and

provide names of potential inmate witnesses to Plaintiff.   ECF No. 91-2 at 7.    Based on Defendants' response, the Court need not compel additional information.

## V. CONCLUSION

For the foregoing reasons, the Court finds that Defendants' objections to the discovery requests are well-founded given the overbreadth and apparent lack of relevance of the requests, and so declines to compel additional discovery.  In addition, the complained of impediments to Plaintiff's participation in this litigation set forth in his Declaration have been abated. Accordingly, no further relief is warranted.

### ORDER

It is hereby ORDERED on this 13th day of April 2021 that Plaintiff's apparent Motion for an Order Compelling Discovery, ECF No. 83, is denied.

It is further ORDERED that Plaintiff is granted until May 13, 2021 to file his pretrial statement.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rule 72.C.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of this Order to file an appeal to the District Judge which includes the basis for objection to this Order. Any appeal is to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110.

BY THE COURT:

*/s/ Maureen P. Kelly*
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc:   The Honorable Robert J. Colville
United States District Judge

All counsel of record by Notice of Electronic Filing

Marcellus A. Jones
KR-2421
SCI Forest
P.O. Box 307
286 Woodland Drive
Marienville, PA 16239