IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| MARCELLUS JONES, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | Civil Action No. 19-397 |
| | ) | District Judge Robert J. Colville |
| v. | ) | Magistrate Judge Maureen P. Kelly |
| | ) | |
| ROBERT GILLMORE; ZAKEN; | ) | ECF Nos. 107 and 109 |
| DIALESANDRO; SOKOL; TRACEY | ) | |
| SHAWLEY; LEGGETT; CARO; WILLIAM | ) | |
| NICHOLSON; DENISE SMITH; JAMES | ) | |
| BRESHAHN; LORI RIDINGS; CHAMBERS; | ) | |
| PAMELA LNU; KELLIE GETTY; TATE; | ) | |
| JOHNSON; RAMIREZ; JON DOE; | ) | |
| ADAMSON; HECHECAVARA *in their* | ) | |
| *individual capacities*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

Plaintiff Marcellus Jones ("Plaintiff") filed this *pro se* civil rights action against various administrators, medical providers, and employees at the State Correctional Institution at Greene ("SCI-Greene"). As to the Department of Corrections personnel (the "Corrections Defendants"), Plaintiff asserts Eighth Amendment claims arising out of an alleged sexual assault, deliberate indifference to a serious medical condition, and food deprivation. Plaintiff also asserts claims against Defendants Ridings, Daniel, and Bresnahan (the "Medical Defendants") for conspiracy and the violation of Plaintiff's First and Eighth Amendment rights related to alleged retaliation and the failure to provide necessary medical treatment. ECF No. 8.

Despite the Court's resolution of prior discovery motions related to the existence of facility surveillance recordings, Plaintiff now presents a Motion for Clarification, ECF No. 107, and a

1

"Motion to Show Spoliation of Evidence," ECF No. 109, contending that Defendants have not produced available recordings and that sanctions should be imposed. The Corrections Defendants have filed responses in opposition to Plaintiff's motions, ECF Nos. 112 and 124, and the motions are ripe for disposition. For the following reasons, both motions are denied.

1. **Motion for Clarification**

The Court construes Plaintiff's Motion for Clarification as a Motion for Reconsideration of the Court's Order at ECF No. 98. In that Order, the Court resolved Plaintiff's dissatisfaction with outstanding discovery requests due from the Corrections Defendants, as well as issues related to the Medical Defendants' failure to mail discovery and pleadings directly to him at his current facility. Plaintiff now renews his request that the Court address the Corrections Defendants' failure produce certain audio and video recordings. ECF No. 107. The Order at issue required the Corrections Defendants to respond in full to Plaintiff's January 27, 2021 discovery requests, but inadvertently referred to all requests as "interrogatories." ECF No. 98.

The Corrections Defendants understood the Order as applying to all types of discovery materials identified in Plaintiff's January 27, 2021 requests and have filed a "Notice of Compliance Regarding Order ECF 98," an "Update Regarding Notice of Compliance Regarding Order ECF 98," and a copy of their response to "Plaintiff's First Request for Discovery Materials." ECF Nos. 101, 102, 112-2. Because Defendants understood the Court's Order to direct the production of documents and video, and have produced existing and responsive documents and video, the Motion for Clarification is denied as moot.

2. **Motion to Show Spoliation of Evidence**

Plaintiff next moves for a judicial finding of spoliation regarding video and telephone recordings that the Corrections Defendants have not produced and that he claims are vital to the

presentation of his case. ECF No. 109. Plaintiff requested that the Corrections Defendants produce "all … abuse hotline calls made by Mr. Jones in 2017," and "CCTV footage from March 21, 2017, July 9, 2017, Oct 25, 2017, Nov 7, 2017, Nov 15, 2017, Nov 18, 2017, Dec 25, 2017, Nov 20, 2017, Dec 28, 2017." ECF No. 112-2 ¶ 2. Plaintiff complains that despite his requests, the Corrections Defendants have not produced "CCTV and handheld camcorder footage" or inmate abuse hotline recordings.

Plaintiff claims that Defendants were on notice of their duty to preserve the requested videos based on his pre-litigation demands that SCI-Greene officials preserve video "for future litigation purposes." ECF No. 109. To that end, Plaintiff presents copies of grievances related to Defendant Chambers allegedly placing her finger in his "soaked meds" and Defendant Austin offering cough drops "for the injuries caused by Chambers," as well as grievances demanding preservation of surveillance video of his cell block from February 2018 that would document his submission of grievances. ECF No. 109-4 at 1-6. Plaintiff asserts that he is entitled to a finding of spoliation as a sanction for Defendants' failure to preserve and produce the recordings. Id.

The Corrections Defendants respond that they have produced a list of Plaintiff's outgoing phone calls for the period March 2017 – March 2018, redacted investigation documents, medical records, and copies of his Amended Complaint with attachments. ECF No. 101. Video compiled during an investigation on June 9, 2017 and June 29, 2017 has been produced and viewed by Plaintiff. ECF Nos. 112, 112-1. However, as to the dates identified by Plaintiff in his discovery requests, closed circuit and handheld camera video footage either never existed or is unavailable. Under DOC procedures, video is not routinely retained "except in the event of an Extraordinary Occurrence Report." ECF No. 112 ¶ 4. Security personnel at SCI-Greene have confirmed to counsel that there were no occurrence reports on the dates identified by Plaintiff and, as a result,

3

no video footage was retained. Id. ¶ 5; and see, ECF No. 112-2 ¶¶ 1-3. Further, no video exists related to the alleged sexual assault on March 21, 2017, because "it was alleged to have occurred in a location without cameras." ECF No. 112 ¶ 11. Finally, telephone calls to the abuse hotline are treated as privileged by the Department of Corrections and are not recorded by the inmate phone system. Id. ¶ 6. Thus, defense counsel represents that the requested recordings do not exist and cannot be produced. See ECF No. 124 ¶ 1.

"Spoliation is the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." Paramount Pictures Corp. v. Davis, 234 F.R.D. 102, 110 (E.D. Pa. 2005). Rule 37(e) of the Federal Rules of Civil Procedure provides for sanctions for the spoliation of electronically stored information, such as the audio and digital video recordings at issue. Bistrian v. Levi, 448 F. Supp. 3d 454, 467 (E.D. Pa. 2020). "Where [Rule 37(e)] applies, it provides the exclusive remedy for spoliation of electronically stored information ('ESI'), foreclosing reliance on the court's inherent authority." Id. at 464 (emphasis added).

Pursuant to Rule 37(e), spoliation occurs where ESI "that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery." Fed. R. Civ. P. 37(e). The elements of spoliation under Rule 37(e) are:

> First, the spoliating party was under a duty to preserve when the loss occurred. Second, the lost ESI was within the scope of the duty to preserve. Third, "the information was lost because the party failed to take reasonable steps to preserve" it. Fourth and finally, because ESI "often exists in multiple locations," spoliation occurs only where the information is truly lost and not recoverable elsewhere.

Bistrian, 448 F. Supp. 3d at 465 (footnotes omitted) (quoting Fed. R. Civ. P. 37(e) advisory committee's note (2015)). "Once a court concludes that spoliation has occurred, it must determine

what sanction to impose. Rule 37(e) provides a general framework for determining the appropriate sanction for spoliation of ESI. If a party 'acted with the intent to deprive another party of the information's use in the litigation,' the district court may draw an adverse inference or even impose case-dispositive sanctions. In the absence of bad faith, a court may impose a range of lessor sanction if the loss of the information prejudiced another party." Id. at 466. If addition, in determining the appropriate sanction, the Court must consider (1) the degree of fault of the party who altered or destroyed the evidence; (2) the degree of prejudice suffered by the opposing party; and (3) whether there is a lesser sanction that will avoid substantial unfairness to the opposing party, and, where the offending party is seriously at fault, will serve to deter such conduct by others in the future. GN Netcom, Inc. v. Plantronics, Inc., 930 F.3d 76 (3d Cir. 2019); see also Bistrian, 448 F. Supp. 3d at 466 (the GN Netcom factors apply to motions governed by a 2015 amendment to Rule 37(e)).

Plaintiff has not persuaded the Court that if any relevant video or audio recordings existed, the Corrections Defendants were subject to a duty to preserve evidence. Thus, Plaintiff has not met his burden to establish that spoliation has occurred such that sanctions under Rule 37(e) are properly imposed.

First, Plaintiff asserts that a state court ordered the Corrections Defendants to preserve evidence regarding his treatment "continuously;" but he has not provided the Court with a copy of the order. ECF No. 109 at 3. This Court has reviewed the November 3, 2017 Order entered by the Court of Common Pleas (Greene County) and attached to Plaintiff's Amended Complaint but finds no basis for Plaintiff's contention that the state court required Defendants to continually preserve routine surveillance video. ECF No. 8-4. Therefore, the record does not support an inference that Plaintiff's state court litigation gave rise to a duty under Rule 37.

5

Plaintiff next claims that the investigative report of his alleged sexual assault indicates that the investigator was given a chance to "review the available video segments," but Plaintiff has not been provided access to that video. ECF No. 109 ¶ 6. Plaintiff also states that the same report reflects that "recorded video segments were not available for [the] investigation." Id. Plaintiff has not provided a copy of the report to the Court but, as summarized by Plaintiff, the cited language aligns with the Corrections Defendants' representations that video of the incident was never recorded and so was "not available" to the investigator. ECF No. 112 ¶ 11; ECF No. 124 ¶ 7. Under these circumstances, Plaintiff does not present a factual basis upon which the Court may determine that relevant video evidence ever existed and was improperly destroyed by the Corrections Defendants.

Finally, Plaintiff points to copies of grievances dated December 7, 2017, and December 18, 2017, related to Defendant Chambers' alleged mishandling of medication on November 24, 2017, and grievances dated February 26, 2016 and April 4, 2018 related to Plaintiff's submission of grievances "w/ multiple legal documents" that were not returned. ECF No. 109-4. The cited grievances demand the preservation of video. However, none of the complained of incidents appear relevant to this litigation or support a pre-litigation duty to preserve recordings. Such an obligation arises when a party reasonably should have anticipated litigation concerning the grieved incidents. Bistrian, 448 F. Supp. 3d at 468 ("A party 'is under a duty to preserve what it knows, or reasonably should know, will likely be requested in reasonably foreseeable litigation."). Placing a finger in a medicine cup, providing cough drops to treat strep throat, and routine cellblock footage that may document whether and when past grievances were submitted are not incidents that a party would consider relevant or give rise to potential litigation. See Tejada v. Delbalso, No. 3:18-1096, 2021 WL 2457747 (M.D. Pa. June 16, 2021), citing 8B Charles Alan Wright & Arthur R.

6

Miller, Federal Practice and Procedure § 2284.2 (3d ed. 2021)("noting that 'a determination when the duty to preserve was "triggered" … normally turns on whether the party should foresee litigation and also appreciate that the information should be preserved for possible use in that litigation.'").

Here, Plaintiff has not presented a factual scenario on which Defendants could or should have anticipated litigation or foreseen the significance of routine surveillance video. Under these circumstances, Plaintiff has not established that the Corrections Defendants were under a duty to preserve evidence to support a finding of spoliation. Accordingly, Plaintiff's Motion for Spoliation will be denied. An appropriate order follows:

Upon consideration of Plaintiff's Motion for Clarification, ECF No. 107, and Plaintiff's Motion to Show Spoliation of Evidence, ECF No. 109, and the responses thereto filed by Defendants Adamson, Caro, DiAlesandro, Getty, Gilmore, Hechavarria, Leggett, Nicholson, Ramirez, Shawley, Sokol, Tate, and Zaken, ECF Nos. 112 and 124, and upon review of the record of this matter and for the reasons set forth in the accompanying Memorandum, IT IS HEREBY ORDERED that the motions are DENIED.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rule 72.C.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of this Order to file an appeal to the District Judge which includes the basis for objection to this Order. Any appeal is to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to timely appeal will constitute a waiver of any appellate rights.

Dated: July 12, 2021                          BY THE COURT:

                                                 */s/ Maureen P. Kelly*
                                                 MAUREEN P. KELLY

UNITED STATES MAGISTRATE JUDGE

cc: The Honorable Robert J. Colville
United States District Judge

All counsel of record by Notice of Electronic Filing

Marcellus A. Jones
KR-2421
SCI Forest
P.O. Box 307
286 Woodland Drive
Marienville, PA 16239